FILED

'11 JUN -6 PM 12: 15

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:  DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMHOTEP JORDAN, Jr., aka JOHN JORDAN, CDCR #C-71742,<br><br>         Plaintiff,<br><br>vs.<br><br>T. BOREM,<br><br>         Defendant. | Civil No.   11-1154 BEN (NLS)<br><br>ORDER DISMISSING CIVIL ACTION FOR FAILING TO PAY FILING FEES PURSUANT TO 28 U.S.C. § 1914(a) AND FOR FAILING TO MOVE *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a) |

Plaintiff, currently incarcerated at Calipatria State Prison, in Calipatria, California, and proceeding pro se, has filed a civil action entitled "Request for Entry of Default" [ECF No. 1].

### I.   FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS

Any party instituting a civil action, suit or proceeding in a district court of the United States, other than a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, Plaintiff has not prepaid the $350 filing fee required to commence a civil

1 | action; nor has he submitted a Motion to Proceed IFP. Therefore, the case must be dismissed
2 | pursuant to 28 U.S.C. § 1914(a).

3 | **II.   CONCLUSION AND ORDER**

4 | For the reasons set forth above, the Court hereby:

5 | (1)   **DISMISSES** this action sua sponte without prejudice for failing to pay the $350
6 | filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

7 | (2)   **GRANTS** Plaintiff **forty five (45)** days leave from the date this Order is filed to:
8 | (a) prepay the entire $350 civil filing fee in full; *or* (b) complete and file a Motion to Proceed
9 | IFP which includes a certified copy of his trust account statement for the 6-month period
10 | preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2(b).

11 | **IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with the
12 | Court's form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."
13 | If Plaintiff fails to either prepay the $350 civil filing fee or complete and submit the enclosed
14 | Motion to Proceed IFP within that time, this action shall remain dismissed without prejudice and
15 | without further Order of the Court.[1]

16 | **IT IS SO ORDERED.**

18 | DATED: 6/06/2011

19 | HON. ROGER T. BENITEZ
United States District Judge

---

[1] Plaintiff is cautioned that if he chooses to proceed further with this action either by paying the full civil filing fee required by 28 U.S.C. § 1914(a), or moving to proceed IFP, his Complaint will be screened and is likely to be dismissed sua sponte pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(b). *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *see also Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (discussing sua sponte screening required by 28 U.S.C. § 1915A(b)). Moreover, such a dismissal may be counted as a "strike" against Plaintiff if he requests IFP status in any future civil action filed while he is incarcerated. *See Andrews*, 493 F.3d at 1052 (under the Prison Litigation Reform Act, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").